UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARA WILSON CELONA<br>    Plaintiff<br><br>v.<br><br>DAVID J. SCOTT, in his official capacity as Pepperell Chief of Police<br>    Defendant | Civil Action No: 1:15-CV-11759-DJC |

## DEFENDANT'S MEMORANDUM IN OPPOSITION
## TO MOTION FOR SUMMARY JUDGMENT

Defendant, David J. Scott, Chief of Police in the Town of Pepperrell, by his counsel, undersigned, submits his opposition to the within motion for summary judgment filed by the Plaintiff, Sara Celona.

TABLE OF CONTENTS

PRELIMINARY STATEMENT                                                      1

TABLE OF AUTHORITIES                                                       2

STATEMENT OF FACTS                                                         3

SUMMARY OF ARGUMENT                                                        4

ARGUMENT                                                                   4

I.   DEFENDANT HAS NOT VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS   5

II.  COSTS AND ATTORNEY'S FEES                                             6

III. CONCLUSION                                                            6

1

## TABLE OF AUTHORITIES

Cases

Chardin v. Police Com'r of Boston, 465 Mass. 314 (2013)     5

Hightower v. City of Boston, 693 F.3d 61, 61-62 (1st Cir. 2012)     5

Statutes

M.G.L. c. 140, § 131     5

2

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

The Defendant, Chief of Police of the Town of Pepperell, Massachusetts administers the granting of firearms permits under Massachusetts General Law, Chapter 140, Section 131, under which residents of Massachusetts must seek a license from the state to own, posses, and carry handguns. In order to qualify for a License to Carry (hereinafter LTC) in Massachusetts, one must pass a background check to insure he or she is not disqualified from having a license to carry.

This case is essentially moot in view of the directive from the Massachusetts Executive Office of Public Safety dated October 26, 2015 also addressed to Massachusetts Chiefs of Police and providing guidance for processing of applications for License to Carry by persons charged with or convicted of prior possession of marijuana in other states where there is no evidence of intent to distribute. (Statement of Additional Material Facts No. 1, hereinafter SAMF 1)

### STATEMENT OF FACTS

Plaintiff Sara Celona applied for and was denied a LTC by the Defendant, Chief David J. Scott on March 31, 2014 based upon information received in a National Criminal Information Center ("NCIC") report that indicated an unresolved charge in Vermont for possession of marijuana. SMF 5

Celona filed a petition for judicial review of the denial in Ayer District Court, Docket No. 1448CV0215, and a hearing on the matter was held on December 20, 2014. SAMF 3. Defendant Scott relied on the NCIC report which stated: thereon "COURT DISPOSITION PENDING and CONVICTION STATUS UNKNOWN". SMF 13

The Judge in Ayer District Court upheld the action of Chief Scott stating:

3

"Celona does not dispute an involvement with the charge of marijuana in 1994 in the State of Vermont but understands that the matter was dealt with in a manner that she would have no record. For the purposes of the disqualification from the issuance of a LTC the terms of the disposition have not been established and the Chief had a basis to conclude that Celona was disqualified." (SAMF 3)

## SUMMARY OF ARGUMENT

Defendant concedes that, to the October 26, 2015 directive from the Massachusetts Executive Office of Public Safety dated October 26, 2015 (SAMF 1, Exhibit A) Defendant will disregard the NCIC report of the Vermont marijuana charge report as evidence that Plaintiff had been convicted of a disqualifying crime and will process the Application from the Plaintiff signed December 27, 2015 without charge to her as indicated on that Application. (SAMF 2, Exhibit B). As such, the claims of the Plaintiff to denial of her right to bear arms under the Second Amendment of the United States Constitution are moot or will be mooted upon the issuance of the LTC. Defendant acted in good faith, relying upon such evidence as was reasonably available to him as the permit approval authority and did not deny the Plaintiff due process in the administration of the issuance of permits in the Town of Pepperell. The Defendant's actions were vindicated after judicial review in Ayer District Court.

## ARGUMENT

I.   DEFENDANT HAS NOT VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS.

The process for issuance of a LTC in Massachusetts is governed by M.G.L. c. 140, s. 31 and is administered by the local Chief of Police in Pepperell as licensing authority with considerable discretion over the issuance of licenses.

The licensing authority or colonel of the State police may issue a Class A license to carry firearms "if it appears that the applicant is a suitable person to be issued such

4

license, and that the applicant has good reason to fear injury to his person or property, or for any other reason." G. L. c. 140, s. 131 (d). The "suitable person" standard gives the licensing authority or colonel "considerable latitude" or broad discretion in making a licensing decision. Ruggiero v. Police Comm'r of Boston, 18 Mass. App. Ct. 256, 259 (1984). See Howard v. Chief of Police of Wakefield, 59 Mass. App. Ct. 901, 902 (2003). Chardin v. Police Com'r of Boston, 465 Mass. 314, 316 (2013).

The same statute provides a system of judicial review of any adverse decision of the local licensing authority, including refusal to issue a license.

If a license is suspended or revoked, or an application is denied, (emphasis supplied) the aggrieved individual may "file a petition to obtain judicial review in the district court" within ninety days of the denial, revocation, or suspension. Id. s.131(f).[2] "A justice of such court, after a hearing, may direct that a license be issued or reinstated to the petitioner if such justice finds that there was no reasonable ground for denying, suspending or revoking such license and that the petitioner is not prohibited by law from possessing same." Id. Further judicial review may be had "in an action in the nature of certiorari under" Mass. Gen. Laws ch. 249, s.4. Levine v. Chief Justice of the Dist. Court, 750 N.E.2d 998, 1000 (Mass. 2001). Hightower v. City of Boston, 693 F.3d 61, (1st Cir. 2012)

The Plaintiff was administratively denied the LTC by the Defendant acting as licensing authority and availed herself of the opportunity for initial judicial review before the Ayer District Court but chose not to seek further judicial review in the Courts of the Commonwealth of Massachusetts. At the hearing in Ayer District Court, Plaintiff admitted involvement in a marijuana charge in Vermont and failed to demonstrate that the record of a charge in Vermont was erroneous and.

The Defendant was not attempting to prove an offense for operating under the influence or an aggravated felony to deport the Plaintiff and was under no duty to seek out certified copies of conviction to support his administrative actions as licensing authority. The Defendant had every right to refer to the NCIC as a reliable indicator of involvement in a disqualifying event subject, of course, to the Plaintiff's ability to rebut or modify that information.

5

II.   COSTS AND ATTORNEY'S FEES

The actions of the Defendant as licensing authority were reasonable under the circumstances and on the basis of information available to him.   The Defendant will disregard the Vermont record for purposes of issuance of the LTC in accordance with the guidance from the Massachusetts Executive Office of Public Safety dated October 26, 2015. And the actions of the Defendant as Chief of Police and licensing authority in offering to issue the LTC are in contrast to other cases in which the parties engaged in protracted proceedings which led to awards of attorneys fees.  (see e.g Order dated October 29, 2015 in <u>Richmond v. Peraino</u>  (USDC Mass. CA No. 15-10933)

III.   CONCLUSION

For all the reasons stated, the Defendant respectfully requests the Court defer action on the motion for summary judgment for a reasonable time and dismiss this case upon the issuance of the LTC to the Plaintiff

Dated:   December 28, 2015

Respectfully Submitted, by the Town Counsel for the Town of Pepperell and Attorney for Defendant David Scott

/s/ Edward J. Richardson
Edward J. Richardson, Esq.
BBO# 419040
Leahy and Richardson
339 Washington Street, Suite 203
Dedham MA 02026
Tel: (781)326-8331
Fax: (781)326-0355
E-mail: ejr339@verizon.net

6

## CERTIFICATE OF SERVICE

  Edward J. Richardson, undersigned, hereby certifies that the within was served through the ECF system on December 28, 2015.

/s/ Edward J. Richardson