**Exhibit A**



The Commonwealth of Massachusetts
Executive Office of Public Safety and Security
One Ashburton Place, Room 2133
Boston, Massachusetts 02108
Tel: (617) 727-7775
TTY Tel: (617) 727-6618
Fax: (617) 727-4764
www.mass.gov/eops

**CHARLES D. BAKER**
Governor

**KARYN E. POLITO**
Lt. Governor

**DANIEL BENNETT**
Secretary

October 26 2015

Michaela Dunne, Director
Firearms Records Bureau
200 Arlington Street, Suite 2200
Chelsea, MA 02150

Dear Ms. Dunne:

This letter shall serve as a directive to the Firearms Records Bureau and its employees.

As you are aware, G.L. c. 140, § 131(d)(i)(e) requires that a licensing authority deny a License to Carry (LTC) to any applicant who "has, in any state or federal jurisdiction, been convicted . . . of a violation of any law regulating the use, possession or sale of controlled substances as defined in section 1 of chapter 94C. . . ." In addition, G.L. c. 140, § 129B(1)(ii)(D) requires a licensing authority to deny a Firearms Identification (FID) Card to any applicant who has, "in any other state or federal jurisdiction, been convicted or adjudicated a youthful offender or delinquent child for the commission of. . . a violation of any law regulating the use, possession or sale of controlled substances, as defined in section 1 of chapter 94C . . . ."

Since 1971, however, a person convicted in Massachusetts as a first-time offender for possession of marijuana has usually been placed on probation and, if probation is successfully completed, "the case shall be dismissed and records shall be sealed." G.L. c. 94C, § 34. Once sealed, the conviction "shall not be deemed a conviction for purposes of any disqualification or for any other purpose." Id. Then in 2008, the voters of Massachusetts voted to decriminalize the possession of marijuana in quantities less than one ounce. As stated in G.L. c. 94C, § 32L ("An Act Establishing a Sensible State Marihuana Policy"), "[n]otwithstanding any general or special law to the contrary, possession of one ounce or less of marihuana shall only be a civil offense" subjecting the offender to a fine and forfeiture of the marijuana "but not to any other form of criminal or civil punishment or disqualification." ==Accordingly, possession of less than one ounce of marijuana is no longer a disqualifier in Massachusetts for firearms licensing purposes.==

On April 18, 2014, Judge Stearns of the United States District Court for the District of Massachusetts issued a ruling in the matter of Wesson, Woods & Commonwealth Second

1

Amendment v. Town of Salisbury, et al., 13 F.Supp.3d 171 (D. Mass. 2014). The plaintiffs in that case had been convicted of possession of marijuana many years before in the states of Maine and Virginia, respectively, and paid fines. Nothing suggested that in either case the quantity involved had exceeded one ounce. In his opinion, Judge Stearns held that the application of c. 140, § 131 to the plaintiffs to deny them a license to carry on the basis of those convictions resulted in a deprivation of rights guaranteed by the Second Amendment to the Constitution of the United States.

On September 9, 2015, Judge Sorokin of the United States District Court for the District of Massachusetts issued in a ruling in the matter of Richmond v. Peraino, (Civil Action No. 15-10933-LTS) (Sept. 9, 2015). The plaintiff had been convicted of possession of less than one ounce of marijuana in the state of Florida in 1975. Following the reasoning of Judge Stearns in Wesson, Judge Sorokin also found that the application of c. 140, § 131 to the plaintiff to deny him a license to carry on the basis of the Florida conviction would result in a deprivation of rights guaranteed by the Second Amendment to the Constitution of the United States.

While Judge Stearns' opinion and Judge Sorokin's opinion were limited in scope to the situation of the named plaintiffs, other similarly situated individuals may reside within the Commonwealth. In order to minimize needless future litigation, you are to abide by the following directive:

In a situation where a party makes an application for a Firearms Identification Card (FID) or License to Carry (LTC) and your inquiry reveals a prior out-of-state conviction for Possession of Marijuana, you are to read the disqualification provisions of c. 140, § 131 and c. 140, § 129B as inapplicable with respect to that conviction, provided that:

1) The conviction is for *simple possession* only, and there is no element of distribution or attempt to distribute involved in the offense;
2) There is no reliable indication that the quantity involved was greater than one ounce;[1] and
3) The only substance involved is marijuana (or "marihuana") as that term is defined in G.L. c. 94C, § 32L.

The purpose of this directive is to abide by the federal court rulings in Wesson v. Town of Salisbury and Richmond v. Peraino, both of which applied the requirements of the Second Amendment to the specific circumstances outlined above. Nothing in this directive should in

---

[1] If the offense of conviction involves an element that the weight of the substance exceeds one ounce, or if documentation created contemporaneously with the investigation or prosecution of the offense describes a quantity that is inconsistent with a weight under one ounce (e.g. a police report referencing "a garbage bag filled with marijuana") it is appropriate to view the conviction as working a disqualification under G.L. c. 140, and this directive shall not apply. In the absence of any such indication available to the licensing authority of the weight of the substance involved in the prior offense, it is appropriate to presume that the quantity involved was less than one ounce.

any way be deemed to affect other bases for disqualification under the relevant statutes (such as disqualifying convictions for crimes of violence, or for other drug offenses) nor to suggest that where reason exists to believe that the applicant is presently a risk to engage in substance abuse, that such risk might not make the applicant an "unsuitable" person for firearms licensing purposes.

Sincerely,

Daniel Bennett
Secretary of Public Safety

cc: Colonel Richard McKeon, Massachusetts State Police
    Massachusetts Chiefs of Police